IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH SALMON, | : | CIVIL ACTION NO. **1:CV-13-2603** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN ROBERT KARNES, *et al.*, | : | |
| Defendants | : | |

### REPORT AND RECOMMENDATION

**I.  BACKGROUND.**

On October 21, 2013, Plaintiff Kenneth Salmon, formerly an inmate at Lebanon County Correctional Facility ("LCCF"), Pennsylvania, currently an inmate at the State Correctional Institution at Coal Township, Pennsylvania, filed, *pro se*, a civil rights action with this Court pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also raises Pennsylvania state law claims, including assault and battery.  Plaintiff paid the full filing fee.

Plaintiff's instant Complaint was filed pursuant to 42 U.S.C. § 1983, claiming violations of his constitutional rights. Thus, this Court has subject matter jurisdiction over Plaintiff's case under 28 U.S.C. § 1331 and §1343(a). The Court can exercise supplemental jurisdiction over Plaintiff 's state law claims under 28 U.S.C. § 1367.

Plaintiff's Complaint consisted of nine typed pages.  In his Complaint, Plaintiff named the following fourteen (14) Defendants:

1) Warden Karnes;
2) Deputy Warden Houck;
3) Counselor Tina Doe;

    4) Correctional Officer ("CO") Boud;
    5) CO Loyola;
    6) CO Cryder;
    7) CO Kaley;
    8) CO Smith;
    9) CO Martin;
   10) CO Louden;
   11) CO Perkins;
   12) Nurse Schmidt;
   13) Nurse Hamm; and
   14) Randolph Riesterer, Jr.

(Doc. 1, pp. 1-3).[1]

Plaintiff indicates that on December 21, 2012, he was transferred from SCI-Coal Twp. to LCCF for purposes of sentencing. Plaintiff's instant claims accrued at LCCF in February 2013, after he was sentenced by the Lebanon County Court. On February 5, 2013, Plaintiff avers that he expressed to the CO's at LCCF his fear of his cell mate, Defendant inmate Randolph Riesterer, Jr., due to Riesterer's aggressive behavior and his psychiatric problems. Plaintiff aver that he asked prison staff to move him out of the cell with inmate Riesterer for his own safety. Plaintiff states that the CO's did not move him to a new cell and, found the situation amusing and disregarded his safety. On February 7, 2013, Plaintiff avers that he wrote a request slip to Defendant counselor Tina Doe (last name unknown) and asked to be moved out of the cell with inmate Riesterer for his own safety. Plaintiff states that all of his attempts to get moved out of the cell with Riesterer were ignored and denied by LCCF prison staff.

---

1. In his Complaint, Plaintiff states that all Defendants except for Riesterer were employed by LCCF. We note that the Clerk of Court incorrectly spelled the name of Defendant CO Boud on the docket as "Doud." As such, we directed the Clerk to correct this Defendant's last name.

On February 12, 2013, Plaintiff avers that Riesterer attacked him in their cell, tackled him and began punching him. Plaintiff then alleges that inmate Riesterer bit off his ear and tried to spit it into the toilet. Plaintiff states that he reported the incident to Defendant CO's and, that he was eventually taken to the LCCF medical department. After an hour, Plaintiff states that he was taken by ambulance to the Hershey Medical Center. Plaintiff states that the emergency room doctor looked at his ear, which was in a plastic cup with ice, and said that too much time had passed to save his ear and to re-attach it. As a result, Plaintiff states that he did not have his ear re-attached and that he is permanently disfigured. At the hospital, Plaintiff sates that he was then given stitches as well as a drainage tube and, that he was prescribed pain medication and antibiotics.

On February 13, 2013, Plaintiff avers that he was returned to the LCCF infirmary and that the medical staff Defendants refused to give him his prescribed pain medication.

Plaintiff states that on February 14, 2013, he filed a grievance with Defendant Warden Karnes claiming that LCCF staff failed to protect him from Defendant inmate Riesterer and, that he was denied proper and prompt medical care after his ear was bitten off which resulted in the permanent loss of his ear. Thus, Plaintiff, in part, raises two Eighth Amendment constitutional claims.

Plaintiff avers that he had two follow-up visits to Hershey Medical Center for his wound and that on February 18, 2013, he was transferred back to SCI-Coal Twp. Plaintiff alleges that he never received any response to his grievance from Defendant Karnes. Plaintiff also alleges that he wrote

to Defendant Karnes numerous times, including one certified letter, regarding his grievance in order to exhaust his administrative remedies but Karnes never responded.[2] (*See* Doc. 1, pp. 1-5).

Plaintiff seeks as relief, declaratory judgment that the alleged acts by Defendants violated his constitutional rights and Pennsylvania state law and, he seeks injunctive relief to order Defendant LCCF Warden Karnes to compel prison staff to properly and timely respond to emergency medical situations at the prison. Plaintiff also requests compensatory and punitive damages. Plaintiff sues all Defendants in both their individual and official capacities.

We screened Plaintiff's Complaint under the PLRA and found that it sufficiently stated constitutional claims against the LCCF Defendants.

Thus, on October 30, 2013, we issued an Order directing that Plaintiff 's Complaint be served on Defendants. (Doc. 4). We inadvertently also directed service on Defendant inmate Riesterer. The Summons was then issued and, the 13 LCCF Defendants were served and counsel entered an appearance for these Defendants. (Docs. 5, 12 & 15). The waiver of service form was returned unexecuted as to Defendant Riesterer. (Doc. 13).

---

2. It is well-settled that the Plaintiff must exhaust all of his available administrative remedies with respect to each one of his claims prior to filing a civil rights suit. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* However, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). We also note that Plaintiff claims his attempt to exhaust his LCCF administrative remedies with respect to his constitutional claims was hindered by Defendant Karnes.

Thus, on December 17, 2013, we issued an Order and informed Plaintiff that service of his Complaint was not effectuated to Randolph Riesterer, Jr. We advised Plaintiff that if he wished to pursue his suit against this Defendant, he was to provide the Court with specific information as to where service could be effectuated upon Defendant Riesterer. (Doc. 14).

On December 26, 2013, Plaintiff indicated that Defendant Riesterer is an inmate in the Pennsylvania Department of Corrections ("DOC"). (Doc. 16). We then confirmed on the DOC inmate locator that Defendant Riesterer is currently an inmate at SCI-Chester (inmate # KX3242).

On January 20, 2014, all 13 LCCF Defendants jointly filed a Motion to Dismiss Plaintiff 's Complaint pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 18). LCCF Defendants' Motion has not yet been briefed by the parities.

We now issue this Report and Recommendation recommending, in part, that Defendant inmate Riesterer be dismissed from this case since he is not a state actor.

## II. STANDARDS OF REVIEW.

*1. PLRA*

Notwithstanding Plaintiff's payment of the filing fee, the Prison Litigation Reform Act of 1995 (the "PLRA")[3] obligates the Court to engage in a screening process. *See Vega v. Kyler*, C.A. No. 03-1936 (3d Cir. 2004), 2004 WL 229073(non-precedential)(if prisoner pays filing fee, civil rights complaint is subject to review under 28 U.S.C. § 1915(A), not 28 U.S.C. § 1915(e)(2)(B); *see also Vieux v. Smith*, 2007 U.S. Dist. LEXIS 40859, 2007 WL 1650579 (M.D. Pa.); *Hartz v. Whalen*, 2008 U.S. Dist. LEXIS 71960, 2008 WL 4107651 (M.D. Pa.).

---

3. Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

Section 1915(A) provides:

(a) Screening.- The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint -

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief against defendant who is immune from such relief.

28 U.S.C. § 1915(A).

  2. *Section 1983*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); see *also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v.Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state

official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

**III. DISCUSSION.**

As stated, Plaintiff requests, in part, for this Court to issue a declaratory judgment to declare that all of the acts he alleges were committed by Defendants at LCCF violated his constitutional rights.

In *Blakeney v. Marsico*, 340 Fed.Appx. 778, 780 (3d Cir. 2009), the Third Circuit Court stated:

> To satisfy the standing and "case or controversy" requirements of Article III, a party seeking a declaratory judgment "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir.2003) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102-03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Here, Blakeney seeks a declaration merely that defendants' "acts" and "policies" violate the United States and Pennsylvania Constitutions. He does not allege that he will be subjected to that alleged conduct in the future. Moreover, even if defendants violated Blakeney's rights in the past as he alleges, he is not entitled to a declaration to that effect. *See Brown v. Fauver,* 819 F.2d 395, 399-400 (3d Cir.1987) (directing District Court to dismiss prisoner's Section 1983 claim for prospective relief where appellant "has done nothing more than allege past exposure to unconstitutional state action").

Plaintiff fails to allege that there is a substantial likelihood that he will suffer injury in the future if the Court does not issue declaratory judgment. In fact, as stated, Plaintiff was transferred from LCCF back to SCI-Coal Twp. on February 18, 2013. Plaintiff is presently still confined at SCI-Coal Twp. Plaintiff has not since been returned to LCCF. Further, Plaintiff does not allege that there is a substantial likelihood that someday in the future he will be returned to LCCF and that he will again be subject to the alleged conduct and suffer injury in the future. Also, as the Court in *Blakeney* stated, even if Defendants violated Plaintiff's rights in the past as Plaintiff alleges in his

Complaint, he is not entitled to a declaration to that effect. *Id*.; *Perez v. Piazza*, Civil No. 12-0227, M.D. Pa.

Therefore, because Plaintiff Salmon has not met the standards necessary for the Court to issue declaratory judgment, we will recommend that the Court dismiss this request with prejudice, as we find futility in allowing Plaintiff to amend his Complaint with regards to this relief request. *See Blakeney, supra; Perez v. Piazza, supra*.

We will also recommend that Plaintiff's request for injunctive relief be dismissed as moot. As stated, Plaintiff requests injunctive relief and he seeks this Court to order Defendant Warden Karnes to compel prison staff at LCCF to properly and timely respond to emergency medical situations at the prison. Since Plaintiff was transferred from LCCF back to SCI-Coal Township on February 18, 2013, since he is currently confined at SCI-Coal Twp., and since he does not claim that there is a reasonable likelihood he will be returned to LCCF in the future and again subjected to same conduct, we find that Plaintiff's request for injunctive relief is now moot. *See Toney v. Bledsoe*, 427 Fed.appx. 74 (3d Cir. 2011); *Kerce v. Lappin,* 2011 WL 864470, *3 (M.D. Pa. 3-9-11)("As a general rule, an inmate's transfer to another prison, or his outright release from incarceration, moots a request for a declaratory judgment or injunctive relief.")(citing *Sutton v. Rasheed,* 323 F.3d 235, 248 (3d Cir. 2003).

Additionally, Plaintiff requests compensatory and punitive damages against all Defendants. As mentioned, Plaintiff sues all Defendants in both their individual and official capacities. To the extent that Plaintiff is seeking monetary damages (*i.e.*, compensatory and punitive damages) against all 13 LCCF Defendants in their official capacities, we will recommend that these requests for relief

9

be dismissed with prejudice as Plaintiff can only seek monetary damages from the LCCF Defendants in their individual capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010); *Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009).

Based on the well-settled law, we find futility in allowing Plaintiff to amend his Complaint with respect to his claims for damages against the LCCF Defendants in their official capacities.

Finally, we will recommend that Defendant inmate Riesterer be dismissed from this case with prejudice. To date, Defendant Riesterer has not been served with Plaintiff 's Complaint. As mentioned, Plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights to state a claim under §1983. *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). Further, §1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). It is clear from Plaintiff 's Complaint that Defendant Riesterer was an inmate at LCCF during the relevant times and not a state actor. Thus, Defendant Riesterer cannot be sued by Plaintiff for violations of his constitutional rights under §1983. *See Simonton v. Tennis*, 437 Fed.Appx. 60, 62 (3d Cir. July 13, 2011)(Third Circuit Court held that the District Court "properly concluded that [Plaintiff inmate] cannot sue Inmate Seaman under §1983 because he is not a state actor."). Further, Plaintiff Salmon does not allege that inmate Riesterer conspired with any of the LCCF state actor Defendants to attack him and to deprive him of his constitutional rights. *See Simonton v. Tennis, supra* (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)("Private persons, jointly engaged with state

officials in the challenged action, are acting 'under color' of law for purposes of §1983 actions.'). Thus, Plaintiff Salmon "cannot recover against Inmate [Riesterer] under §1983." *See Simonton v. Tennis, supra* (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010)).

Therefore, we will recommend that Defendant Riesterer be dismissed from this case with prejudice. Based on the well-settled law, we find futility in allowing Plaintiff to amend his Complaint with respect to his constitutional claims under §1983 against Defendant Riesterer. *See Simonton v. Tennis, supra*.

## IV. RECOMMENDATION.

Based on the foregoing discussion, it is respectfully recommended that the Court:

1. **DISMISS WITH PREJUDICE** Plaintiff's request for declaratory judgment.

2. **DISMISS WITH PREJUDICE** Plaintiff's request for monetary damages against the 13 LCCF Defendants in their official capacities.

3. **DISMISS AS MOOT** Plaintiff's request for injunctive relief.

4. **DISMISS WITH PREJUDICE** Defendant inmate Riesterer.




s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 29, 2014**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH SALMON, | : | CIVIL ACTION NO. **1:CV-13-2603** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN ROBERT KARNES, *et al.*, | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 29, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall

>witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:  January 29, 2014**